UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EBONY S. LOVE, also known as EBONIE GRAYSON,

                Plaintiff,

                -against-

OFFICE OF CHILDREN AND FAMILY SERVICES; RECORDS APPEAL OFFICER,

                Defendants.

21-CV-02126 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants have failed to provide her with records that she requested under the New York State Freedom of Information Law. By order dated March 12, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

  The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

  Plaintiff filed this action alleging that the New York State Office of Children and Family Services and its Records Appeal Officer have violated her right to due process, acted negligently, and are obstructing justice. The complaint contains the following facts. On or about October 4, 2020, Plaintiff filed a request under New York State Freedom of Information Law with the "state central registry" to obtain her records. (ECF 1 ¶ III.) On "average" such requests take six weeks, but Plaintiff has been waiting more than five months. (*Id.*) The delay is causing Plaintiff "hardship," because she cannot "adequately litigat[e]" a pending case. (*Id.*) Staff members at the state central registry "continuously" tell Plaintiff that they are working to get her the records, but

2

according to Plaintiff this is not true. Plaintiff seeks money damages and a subpoena "to bring" to the court the "calls" she made to the registry from February 22, 2021, to February 25, 2021. (*Id.*)

## DISCUSSION

**A.     Federal Claims**

The Court construes the complaint as asserting constitutional violations under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Section 1983 does not provide a claim for "violations arising solely out of state law." *Driscoll v. Townsend*, 60 F. Supp. 2d 78, 81 (S.D.N.Y. 1999); *see also Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) (holding that "state statutes do not create federally protected due process entitlements to specific state-mandated procedures."). As such, a violation of New York Freedom of Information Law (FOIL), Pub. Off. L. § 87, *et seq*. does not, standing alone, support a § 1983 claim. *See Rankel v. Town of Somers,* 999 F. Supp. 2d 527, 535 (S.D.N.Y. 2014) ("[M]any of Plaintiff's allegations — e.g., that the Town refused to fulfill FOIL requests . . . — involve state law, not federal constitutional violations."); *Collins v. City of New York*, 923 F. Supp. 2d 462, 473 (E.D.N.Y. 2013) (citing *P.C. v. McLaughlin,* 913 F.2d 1033, 1045 (2d Cir. 1990)). Instead, an allegedly wrongful denial of a FOIL request is a matter of state law that is addressable in an Article 78 proceeding. *See Hudson v. Cnty. of Dutchess*, 51 F. Supp. 3d 357, 370-71 (S.D.N.Y. 2014); *Hayes v. Perotta,* 751 F.Supp.2d 597, 602 (S.D.N.Y. 2010) (noting that the plaintiff's claim that the defendant local governmental unit wrongly refused to provide him

with information that he requested was "governed by New York's Freedom of Information Law").

Plaintiff's allegation that Defendants have failed to timely respond to her FOIL request does not give rise to a constitutional claim, and thus the facts alleged do not state a viable § 1983 claim.

**B.    Obstruction of Justice**

Plaintiff alleges that Defendants have obstructed justice, suggesting that they have violated a criminal law. But a private party cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (plaintiffs lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (" [A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." ). And because federal prosecutors possess discretionary authority to bring criminal actions, they are " immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claim that Defendants have violated a criminal statute for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has consented to receive electronic service. (ECF 1 at 8.)

SO ORDERED.

Dated:   March 18, 2021
         New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.